## Karen Caldwell v. Department of Social Welfare

[353 A.2d 336]

No. 129-74

Present: Smith, Daley, Larrow and Billings, JJ.

Opinion Filed February 3, 1976

*Stephen W. Kimbell,* Vermont Legal Aid, Inc., Burlington, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Dean B. Pineles,* Assistant Attorney General, Montpelier, for Defendant.

**Larrow, J.** Appellant is a single unemployed person with no dependents, sharing an unfurnished rented house with five other persons. She receives general assistance under 33 V.S.A. § 2501 et seq. Her statutory "proven need" is not questioned. The monthly house rental is $350.00. The Human Services Board gave appellant an allowance of $17.50 per month toward that rental, one-sixth of the $105.00 per month maximum rental established by regulation for the area in question. Claiming entitlement to one-sixth of the actual rental (approximately $58.00) so long as that share does not exceed the maximum under the regulation, she appeals. Her claim is that § 2613.1 of the Welfare Assistance Manual conflicts with the statutory policy embodied in 33 V.S.A. §§ 2501, 3001(4), 3003, and 3004(a), at least as interpreted by the Department, and that if the Department's interpretation is upheld as valid her equal protection rights have been invaded.

The pertinent portion of § 2613.1 of the Welfare Assistance Manual reads as follows:

> When one or more individuals or families occupy a housing unit the General Assistance housing payment for one individual's (or family's) share cannot exceed his pro rata share of the General Assistance housing payment maximum or his actual payment, *whichever is less.* The pro rata share is computed by dividing the total number of individuals or families in the housing unit into the

General Assistance housing payment maximum. (Emphasis supplied.)

The Department, upheld by the Board, interprets this regulation as referring to *any* individuals or families in the housing unit, whether or not receiving assistance. This interpretation, it is claimed, "discourages expensive living arrangements." Claimant says it should be interpreted as referring to individuals or families receiving assistance. Under this interpretation, the $105.00 maximum payment could not be exceeded for the housing unit, and would be prorated among the separate individuals or families in the housing unit who are receiving assistance. Thus, in the instant case, if there were two such recipients in the unit, the maximum would be $52.50 each; if there were three, the maximum would be $35.00 each.

Curiously, the Board, while concluding that the regulation as interpreted was valid and not arbitrary, urged its reconsideration to adopt claimant's interpretation as a matter of policy. Sympathizing with the general attitude of the Board in this respect, we conclude that such an interpretation is not only desirable, but required if the general overall scheme of the statute is to be preserved.

That overall scheme is one of providing the necessities of life (including shelter) to persons in need, subject to the budgetary exigencies which require imposing maximum allowances and to the preferential treatment of varying categories of assistance deemed more worthy by the Legislature. 33 V.S.A. § 3004. We have upheld reasonable maximums related to these general purposes. *In re Appeal of Devoid,* 130 Vt. 141, 287 A.2d 573 (1972). Necessity postulates that the providing of decent housing must be limited by the availability of appropriated funds. A regulation interpreted as doing this, within reasonable bounds, must be upheld as a proper exercise of the administrative function. *In re Appeal of Devoid, supra; Dandridge* v. *Williams,* 397 U.S. 471 (1970).

However, as appellant points out, the Board's interpretation of the regulation in question does not comport with that objective. It is all very well to argue, as the Department does, that its interpretation "discourages expensive living arrangements." That objective is indeed worthy, and almost dictated

by the statute. But the argument is predicated on the premise that quality and location alone determine the price of living arrangements, an unwarranted assumption. Size is an important factor as well, and we can judicially notice that larger dwellings are often, as here, less expensive for each of the living units they will accommodate.

Moreover, the net result of the Department's interpretation, as here, would be to encourage the assistance recipient to seek more, rather than less, expensive quarters. For a separate unit she could pay, and be reimbursed for, a $105.00 per month rental. The limitation of her shelter allowance to $17.50 per month under the circumstances of this case will, indeed, leave her no other sensible recourse. Further demonstrating the unsoundness of the interpretation is the admitted fact that were the lease here in the name of another individual, the claimant could pay that individual, by way of sublease, the full $105.00 per month and be reimbursed for the payment. Admittedly, former hotels and like structures have been utilized in this fashion. To interpret the regulation as dependent for result upon matters of form rather than items of substance is to achieve an unreasonable result. We are unwilling to accede to the Board's interpretation, as inconsistent with the statutory purpose sought to be achieved and counterproductive to the recognized objective of reasonable subsistence at minimum cost. The cost would indeed be minimal, but as a practical matter the facility could not be utilized. The recipient will be compelled either to seek other quarters, or to modify the legal technicalities of occupancy. The availability of general subsistence relief to eligible persons should not be dependent on such technical niceties.

We therefore hold that the interpretation of § 2613.1 of the Welfare Assistance Manual embodied in the decision below is incompatible with the general statutory purpose, and that, properly interpreted, the reference therein to "individuals or families" in a housing unit is a reference to such individuals or families who are receiving assistance. So interpreted, the section is consonant with the statutory purpose of providing reasonable shelter within the maximum allowances mandated by the availability of funds.

Having held that the regulation should be interpreted as contended by the claimant, we do not reach the constitutional issue briefed by the parties.

*Judgment reversed, and cause remanded for modification of the decision of the Human Services Board to conform with the views herein expressed.*