## Joan Hatin and Marjorie Barr v. Paul Philbrook, Commissioner of Social Welfare and Department of Social Welfare

[365 A.2d 511]

No. 114-76

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed September 17, 1976

*Stephen W. Kimbell,* Vermont Legal Aid, Inc., Burlington, for Plaintiffs.

*M. Jerome Diamond,* Attorney General, and *David H. Greenberg,* Assistant Attorney General, Montpelier, for Defendant.

**Billings, J.** This case involves a determination of the validity of a regulation enacted by Vermont's Department of Social Welfare, in the administration of its General Assistance Program, which attempts to reconcile the demands of its needy citizens with the fiscal resources available to meet such demands. In the proceedings below, plaintiffs instituted a declaratory judgment proceeding pursuant to 3 V.S.A. § 807 claiming, *inter alia,* that Regulation 2613.1 of the Welfare Assistance Manual (WAM) impaired plaintiffs' legal rights and privileges as guaranteed under Vermont's welfare statutes. 33 V.S.A. §§ 2501 and 3001 et seq. The pertinent part of the regulation in issue provides:

> Payment [for permanent housing] may only be authorized for the mortgage or rental period immediately past and shall not be authorized or issued prior to the expiration of that period. Payment may be made only if the applicant is financially and otherwise eligible on the date of application. Eligibility or non-eligibility during the prior mortgage or rental period is not relevant.
> For example, if rent paid monthly is due on January 1, payment cannot be authorized until February 1 and the

applicant must meet all eligibility criteria on that date. Payment may be authorized for the current period only if the applicant is without housing on the date of application.

The court below, after a hearing on the merits, determined the regulation to be valid. Plaintiffs appeal, contending that Regulation 2613.1 (WAM) is inconsistent with Vermont's welfare statutes.

The essential facts of this dispute are uncomplicated. Plaintiffs satisfy the eligibility requirements necessary to receive benefits under the General Assistance program, 33 V.S.A. § 3001 et seq. Both plaintiffs rent apartments and, in the past, both have relied heavily upon benefits from General Assistance to meet their rental obligations. Defendant, responding to fiscal considerations, enacted Regulation 2613.1 (WAM) in order to reduce General Assistance expenditures to a level in line with legislative appropriations.

Plaintiffs' complaint claims that defendant, by enacting Regulation 2613.1 (WAM), has denied plaintiffs their statutory right to financial aid for shelter provided in 33 V.S.A. § 3001(4), and has implemented an administrative scheme contrary to the general social welfare policy of Vermont enumerated in 33 V.S.A. § 2501. More specifically, plaintiffs claim that Regulation 2613.1 (WAM), which prohibits payment of General Assistance for rent until the applicant's rental period is overdue, would result in plaintiffs' loss of shelter through eviction, the very result Vermont's welfare statutes are designed to protect against.

■ Vermont's Administrative Procedure Act, 3 V.S.A. § 801 et seq., is the enabling legislation conferring authority upon the Department of Social Welfare to enact regulations for the purpose of carrying out the broader statutory scheme. Upon enactment, such regulations are presumed to be valid.

[A]ctions of an administrative body [are presumed] to be correct, valid and reasonable, with a clear and convincing showing required to overcome the presumption. [*International Association of Firefighters* v. *Montpelier*, 133 Vt. 175, 178, 332 A.2d 795 (1975). See also *In re Devoid*, 130 Vt. 141, 287 A.2d 573 (1972).]

██ ██ Mindful of this presumption, we employ a well-established test to determine the actual validity of Regulation 2613.1 (WAM). This test requires that an administrative regulation must be in harmony with the overall statutory scheme, uniform in operation, and equal in effect in order for such regulation to be valid.

> [Administrative regulations are] presumed valid and may be found invalid only if it is shown that [they are] unreasonable, inappropriate or plainly inconsistent with the statute. [Royalton College, Inc. v. Clark, 295 F.Supp. 365, 370 (D. Vt. 1969). See generally 2 Am.Jur.2d Administrative Law § 304.]

██ We cannot hold, as a matter of law, that Regulation 2613.1 (WAM) is unreasonable, inappropriate or plainly inconsistent with the statute.

The overall statutory scheme of social welfare in Vermont "is one of providing the necessities of life (including shelter) to persons in need, subject to budgetary exigencies . . . ." Caldwell v. Department of Social Welfare, 134 Vt. 96, 98, 353 A.2d 336 (1976). Plaintiffs argue that Regulation 2613.1 (WAM) is in direct conflict with this statutory scheme because it withholds housing payments to eligible recipients under the General Assistance Program until the rental payment is one month in arrears, which could result in their eviction and loss of shelter. We disagree.

It does not necessarily follow that eviction will result because rental payments are one month overdue or that actual eviction can, from a practical point of view, occur within a 30 day period. To hold otherwise would be to indulge in speculation. A landlord may elect to pursue any number of alternate courses of action in the event that rent is not received on the contractually agreed upon date.

Even assuming that plaintiffs are lawfully evicted because of late payment of rent caused by Regulation 2613.1, we cannot say that the regulation is in palpable violation of the statutory scheme, because the regulation itself authorizes immediate payment of rental assistance if the applicant can show he is "without housing on the date of application." Consequently, payments for shelter under the General Assistance Program

are provided if the otherwise eligible applicant can affirmatively show an immediate need.

Neither can we say that the regulation is invalid as an unreasonable or inappropriate exercise of the administrative authority of the Department of Social Welfare.

> Necessity postulates that the providing of decent housing must be limited by the availability of appropriated funds. A regulation interpreted as doing this, within reasonable bounds, must be upheld as a proper exercise of the administrative function. [*Caldwell, supra,* at 98; *In re Devoid, supra.*]

This regulation was enacted to accommodate the fiscal realities of legislative appropriations. It applies uniformly and consistently while not defeating the statutory scheme of the welfare statutes. As such it is a reasonable and proper exercise of the administrative authority of the Department of Social Welfare.

*Judgment affirmed.*