## North Country Education Association v. Brighton School Board, et al.

[380 A.2d 60]

No. 56-76

**Present: Barney, C.J., Larrow, Billings, and Hill, JJ.**

Opinion Filed September 21, 1977

Motion for Reargument denied November 4, 1977

*Downs, Rachlin & Martin*, St. Johnsbury, for Plaintiff.

*Richard C. White* of *Rexford, Kilmartin & Chimileski*, Newport, for Defendants.

**Per Curiam.** A motion by the plaintiff to dismiss this appeal as moot was heard in advance of the appeal and decision reserved for disposition after argument on the merits. The appeal was brought by the defendants challenging an order of the Labor Relations Board, the defendants having obtained a stay.

Pending the appeal the parties reached agreement on employment contracts. This settlement of the contract negotiations prompted the plaintiff's motion.

The defendants oppose the motion to dismiss because it leaves unreviewed the portion of the Board's order that finds the defendants guilty of an unfair labor practice as well as the board's stated view of the proper interpretation of 16 V.S.A. § 2008. That section makes final all decisions of school boards regarding matters in negotiation, after full compliance with the statutory provisions for labor relations for teachers (16 V.S.A. §§ 1981-2010). The Board held that the school boards were not entitled to invoke 16 V.S.A. § 2008 because they had not completed good faith negotiations on disputed items, and because fact finding was not completed. The defendants dispute these portions of the Board's order and complain that, even with the substance settled, the implication of bad faith on their part is left standing.

The plaintiff states in its motion that it does not seek enforcement of the order under appeal here. The dispute that generated resort to the Board has been resolved. In effect, there is no litigation left, and it is this fact upon which the claim of mootness is founded.

Dismissal must be granted. This Court has many times refused to pass upon issues not based upon existing bona fide litigation between adversary parties. *Lace* v. *U.V.M.*, 131 Vt. 170, 175, 303 A.2d 475 (1973). The position of the defendants is no different than that of other litigants who bring litigation to an agreed conclusion before appellate review but after an unfavorable lower court ruling. Such a ruling has no precedential effect, and leaves the matter open for eventual resolution on valid appeal.

It should be noted that the circumstances of the parties are analogous to one of settlement pending appeal in ordinary civil litigation. The judgment henceforth can have no operative effect, and there is nothing for the plaintiff to enforce. Thus, it is not merely the appeal that is dismissed, it is the litigation that is terminated.

*Cause dismissed.*

Mr. Justice Daley did not sit.