**Lague, Inc. v. State of Vermont, John A. Burgess and Virginia G. Burgess**

[392 A.2d 942]

No. 254-77

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed September 11, 1978

*George K. Belcher* of *Kilmurry & Stone Associates, Inc.,* Montpelier, for Plaintiff.

*M. Jerome Diamond,* Attorney General, *Robert C. Schwartz,* Assistant Attorney General, and *Thomas A. McCormick,* Law Clerk (On the Brief), Montpelier, for State of Vermont.

*Burgess and Normand, Ltd.,* Montpelier, for John A. and Virginia G. Burgess.

**Daley, J.** This appeal involves the method by which the State of Vermont distributes low number license plates. In December, 1976, Lague, Inc. submitted an application to the Department of Motor Vehicles requesting that the company vehicle be assigned a license plate with numerals 101, 102, or 103. The application was denied by the Department on the basis of a regulation that "reserves" numbers below 10,001 to prior holders and their families. 23 V.S.A. appendix at 377–78 (Cum. Supp. 1977). Under the regulation, an individual can retain the same number below 10,001 if he makes application and payment prior to January 1. If the individual who previously held the reserve number does not apply for it, members of his immediate family have priority in obtaining the low number. Unlike special or vanity plates, which are marked with initials, letters, or combinations of numerals and letters, no extra fee is required for a "reserved" low number plate.

Upon denial of its application, Lague, Inc. brought suit against the State of Vermont requesting, *inter alia,* that the court order the Commissioner of Motor Vehicles to issue low number plates on a first-come, first-served basis and "to discontinue the discriminatory practice and preferential treatment of the privileged ten thousand." Mr. and Mrs. John A. Burgess, who have held the license plate number "616" for many years, successfully sought intervention as defendants, claiming a property right in their low number license plate and a denial of due process should they be deprived of that number.

The cause was submitted to the court for decision upon the pleadings, affidavits, and memoranda of the parties. No hearing was held. The court dismissed the action on the merits, ruling that the Department of Motor Vehicles followed a duly promulgated regulation, that the Commissioner had the statutory authority under 23 V.S.A. § 304 to issue the regulation, that issuance of low number plates to prior holders "is no more arbitrary or irrational than issuance to persons on a first-come, first-served basis at some arbitrary time on some arbitrary date," and that such issuance "will cause fewer administrative problems and confusion than the standing in line method." The court concluded that the regulation did not violate the Equal Protection Clause, U.S. Const. amend. XIV, § 1.

On appeal, plaintiff's claims of error are essentially three-fold. Plaintiff first argues that the administrative regulation in question is invalid under the test we recognized in *Hatin* v. *Philbrook*, 134 Vt. 456, 459, 365 A.2d 511, 513 (1976), which requires that an administrative regulation be in harmony with the overall statutory scheme, be uniform in operation, and be equal in effect. Plaintiff's second claim of error, closely connected with the first, is based upon the doctrine of *ultra vires*. Plaintiff argues that a regulation which "reserves" low number license plates to prior holders and their families is beyond the statutory authority delegated to the Commissioner of Motor Vehicles. Plaintiff lastly argues that the regulation violates the Equal Protection Clause.

■ Two events have occurred since the trial court issued its final order that have rendered the issues posed by plaintiff nonjusticiable in this Court. The 1978 General Assembly has added a subsection to 23 V.S.A. § 304 that effectively incorporates the disputed regulation into the statute itself. 1977, No. 258 (Adj. Sess.). Any decision by this Court construing the validity of the regulation and the authority of the Commissioner to promulgate it could only be advisory, since the regulation has been superseded by the positive act of the Legislature. The Legislature's addition to § 304 has transformed plaintiff's first two claims of error into hypothetical questions not arising upon existing facts; as such, they are

moot and will not be considered here. *Armstrong* v. *Hanover Insurance Co.*, 130 Vt. 182, 185, 289 A.2d 669, 671 (1972); see *North Country Education Association* v. *Brighton School Board,* 135 Vt. 451, 380 A.2d 60 (1977).

■■ Plaintiff's third claim of error involves the constitutionality of the regulation under the Equal Protection Clause. As noted above, the regulation has been superseded by statute and no longer exists. However, the alleged unconstitutional system established by the regulation has been embodied in the recent statutory enactment, 23 V.S.A. § 304(c), and we would reach the issue were it not that it has been mooted for another reason. Since the filing of the trial court's order, plaintiff has applied for and obtained a low number license plate within the "reserve group." Plaintiff is thus, at the present, a member of the alleged favored class of which he complains. As a general rule, one must be a member of the class discriminated against in order to have standing to attack a law as denying the equal protection of the laws. *Jeffrey Manufacturing Co.* v. *Blagg,* 235 U.S. 571, 576 (1915); cf. *DeFunis* v. *Odegaard,* 416 U.S. 312, 319 (1974) (case must present an actual controversy at all stages of the litigation). As a corollary, we will not pass upon the constitutionality of a law at the instance of one who has availed himself of its benefits. See *Ashwander* v. *Tennessee Valley Authority,* 297 U.S. 288, 348 (1936) (Brandeis, J., concurring).

■ Since plaintiff's claims are moot, we do not reach the due process issue posed by the intervenors. Constitutional questions will not be considered where their decision is not necessary to a final determination of the case. *Eurich* v. *Coffee-Rich, Inc.,* 130 Vt. 537, 544, 298 A.2d 846 (1972).

*Cause dismissed.*