STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: G.R. Enterprise, Inc. Sign Application | } | Docket No. 27-2-08 Vtec |
|  | } |  |

Decision and Order on Motion to Dismiss

Appellant G.R. Enterprise, Inc., through its president Gerald Rainville, appealed from a decision of the Development Review Board (DRB) of the Town of Colchester, denying an application to replace and enlarge a sign on 257 Jasper Mine Road. Appellant is represented by David H. Casier, Esq. The Town is represented by Thomas G. Walsh, Esq. Interested persons Paul G. and Sandra M. Blacketor, Douglas C. and Alice M. Grieg, and Guy A. and Penelope J. Marchessault represent themselves, but have not filed memoranda on the pending motion. The Town has moved to dismiss the appeal for lack of jurisdiction, arguing that this Court does not have subject matter jurisdiction to assess the constitutionality of zoning bylaws.

Appellant applied to replace and enlarge a sign for its business, called "Imago," located at 257 Jasper Mine Road. The DRB decision characterized the business as an "adult entertainment store" and described the proposed sign as having an area of around 32 square feet and having the appearance of a "pencil drawing" of partially nude individuals.

The Zoning Administrator denied the application on the basis that the sign violated the prohibition on "obscene, indecent, and lewd" signs in § 7(q) of the Town's Sign Ordinance . Colchester Code of Ordinances, Appendix C – Sign Regulations, at § 7(q) (Sign Ordinance). On appeal, the DRB denied the application on the same basis, concluding that although the terms "obscene," "indecent," and "lewd" were not specifically defined in the Zoning Ordinance, the proposed sign fit the common and plain definitions of those words. The DRB also determined that the sign was incompatible with the intent of the sign

1

regulations, incompatible with the architecture and land use in the vicinity of the business and incompatible with the character of adjacent sites and buildings, as the surrounding area has very few commercial uses. Sign Ordinance § 20.

Appellant appealed the DRB decision to this Court, raising eight questions in its Statement of Questions. Question 5, although stated in terms of whether the DRB's findings were correct rather than asking whether the sign should be approved, does not raise a constitutional question. The remaining questions raise issues of constitutionality, either of § 7(q) of the Sign Ordinance on its face, or as applied to the facts of the present application. This Court has jurisdiction to address the constitutionality of a provision of a municipal zoning bylaw if "the issue arises in the context of another case under this chapter," that is, 24 V.S.A. Chapter 117; otherwise, the constitutionality of a zoning bylaw must be addressed in superior court. 24 V.S.A. § 4472(b); and see State v. Read, 165 Vt. 141, 151 (1996) ("we will rule on constitutionality only in context of factual situation of the case out of which it arises").

However, to determine whether this appeal is properly before this Court, the Court first must raise sua sponte the jurisdictional issue of whether this appeal arises under 24 V.S.A. Chapter 117, or another statute within this Court's jurisdiction, at all. The parties will be given an opportunity to address this issue if they wish to do so.

Constitutional questions should not be considered unless the disposition of the case requires it. State v. Bauder, 2007 VT 16, ¶ 27; Goodemote v. Scripture, 140 Vt. 525, 528–29 (1981); In re Wildlife Wonderland, Inc., 133 Vt. 507, 520 (1975); Lague, Inc. v. State, 136 Vt. 413, 416 (1978). Moreover, issues of a court's own jurisdiction must be resolved before proceeding with the matter, as soon as they are discovered. Every court has inherent power to determine whether or not it has jurisdiction of the proceeding before it; it does not matter how the question comes to the court's attention. Woodard v. Porter Hospital, Inc., 125 Vt. 264, 266 (1965).

2

The Sign Ordinance states in its Section 2 that it was adopted by the Town as a civil ordinance within the meaning of 24 V.S.A. Chapter 59, and under the authority of its Town Charter and 24 V.S.A.§ 2291, which is found in 24 V.S.A. Chapter 61, Subchapter 11. Although the Sign Ordinance contains an internal route of appeal to the DRB, § 20, it was not adopted as a zoning ordinance under 24 V.S.A. Chapter 117 (nor is it a municipal solid waste ordinance adopted under Chapter 61, Subchapter 12). Enforcement of the Sign Ordinance is by its terms to the Traffic and Municipal Ordinance Bureau. Sign Ordinance § 21.

This Court has jurisdiction of appeals from municipal development review boards, but only in matters arising under 24 V.S.A. Chapter 117 or 24 V.S.A. Chapter 61, Subchapter 12. 4 V.S.A. § 1001(b); 10 V.S.A. § 8504(c). If there is a route of appeal for actions taken by municipalities under ordinances adopted under other enabling authority, it is not to Environmental Court. Compare, Appeals of Cowan, Docket Nos. 73-3-02 Vtec and 74-3-02 Vtec (Vt. Envtl. Ct.), with Appeal of Cowan, Docket No. S145-03 CnC (Chittenden Superior Ct.).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the appeal will be dismissed in this Court effective on June 20, 2008. A telephone conference has been scheduled (see enclosed notice), to discuss whether the parties wish to file memoranda on the issue discussed in this decision, and whether Appellant wishes to request a transfer of the appeal to another forum.

Done at Berlin, Vermont, this 12th day of May, 2008.

_____
Merideth Wright
Environmental Judge