### Petition of Bertha LaFreniere

[ 227 A.2d 301 ]

December Term, 1966

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed January 4, 1967

*Peter E. Piche* for petitioner.

*Thomas Salmon,* for Neal C. Lunnie, petitionee.

**Per Curiam.** The petitioner challenges the right of Neal C. Lunnie to represent District No. 58 in the General Assembly now in session. The petition was filed in this court several days after the petitionee had been sworn as the legal representative for the district in question.

The petitioner seeks a writ of mandamus, or in the alternative, prohibition or certiorari to test the legality of Mr. Lunnie's election. Prior to the present proceeding the petitioner invoked subsection one of 17 V.S.A. §1361. The full text of that statute reads:

A candidate for the office of representative to the general assembly may contest the election of another candidate for the same office by notifying the other candidate in writing by registered mail or certified mail and filing with the county clerk within ten days after the election a petition setting forth under oath the facts and the grounds upon which he contests the election.

(1) When the petitioner states that he is informed and believes that a mistake or fraud has been committed in the counting

or return of the votes for such office and requests a recount of such votes:

(A) The clerk shall notify the judge of the county court having jurisdiction in the representative district who shall direct a recount of the votes and order the town clerks in the representative district to deliver to the county clerk the votes cast for such office and make other appropriate orders in the premises.

(B) The judge shall appoint three disinterested persons from an adjoining town or towns who shall be sworn for the proper performance of their duties to count the votes in the presence of the county clerk. Such disinterested persons shall be paid from town funds of the town in which the vote is contested the sum of $10.00 each per day plus their reasonable and necessary expenses.

(C) Upon completion of the recount, the judge shall issue a proper certificate of election of the candidate receiving the largest number of votes.

(2) When the petitioner states facts or grounds questioning the eligibility of the other candidate or the legality of the election, he shall request an investigation of the facts for submission to the next general assembly.

(A) The clerk shall notify the attorney general, who shall investigate the facts, take such depositions as may be necessary, prepare an opinion on the law and facts and send his report and opinion to the secretary of state before the general assembly convenes.

(B) The secretary of state shall deliver the report and opinion to the clerk of the house of representatives forthwith upon election of the latter.

Recount was made and a report filed November 22, 1966, indicating the petitionee received the largest number of votes. The Honorable Donald E. O'Brien, Judge of the Chittenden County Court, issued a certificate of the election of Neal C. Lunnie as provided in the statute.

The petitioner did not question the eligibility of Mr. Lunnie under the provision of 17 V.S.A. §1361 (2) nor seek an investigation of the facts for submission to the general assembly.

Having failed to resort to the statutory procedure, the extraordinary remedies of mandamus, prohibition or certiorari are not available to her. *Leonard* v. *Willcox,* 101 Vt. 195, 204.

*Petition dismissed.*