**In re New England Telephone and Telegraph Company**

[307 A.2d 783]

No. 96-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed July 11, 1973

*Ryan, Smith & Carbine,* Rutland, for Plaintiff.

*Averill Laundon,* General Counsel, and *Robert A. Mello,* Special Counsel, for Vermont Public Service Board.

*Thomas J. Kenney, Esq.,* Burlington, for the Public.

*Nancy Kaufman, Esq.,* and *Mary Just Skinner, Esq.,* Vermont Legal Aid, Inc., Montpelier, for Vermont Welfare Rights Organization.

*Caroline Nickerson, Esq.,* Vermont Public Interest Research Group.

**Per Curiam.** New England Telephone and Telegraph Company, under V.R.A.P. 21, has come to this Court seeking issuance of a writ granting extraordinary relief. The company took this step during the appeal period following dismissal of its filed request for increased rates by the Public Service Board. The Court has determined that the writ ought not to issue.

The company's complaint alleges that the board has failed to adequately consider the company's claims for financial relief justifying increased rates, and has failed to follow the mandate of this Court made as part of the rate case itself, *In re: New England Telephone and Telegraph Co. Inc.,* 131 Vt. 310, 305 A.2d 598 (1973). By way of specific relief, the company requests that the board be ordered to accept for filing, to become effective under bond, its filed tariffs of September 15, 1972, or other revised tariffs to be set by this Court. Further, it asks that the order of the board dismissing the revised tariff filing be stricken.

The company acknowledges that the relief it seeks is more characteristic of mandamus than it is of certiorari. Since there lies an appeal from the orders of the board, under 3 V.S.A. § 815 and 30 V.S.A. § 12, certiorari is an inappropriate form of relief. *Petition of LaFreniere,* 126 Vt. 204, 206, 227 A.2d 301 (1967). As that case points out the same disability attaches to petitions in the nature of mandamus.

However, mandamus being a directory process available to compel the fulfillment of a duty by a public official, there may be occasions when the relief it gives is available in the presence of other remedies. See *Glover* v. *Anderson*, 120 Vt. 153, 160, 134 A.2d 612 (1957). Whether this is ever so in the presence of an immediate right of appeal is extremely doubtful. *Rowell* v. *Tunbridge*, 118 Vt. 23, 28, 98 A.2d 72 (1953); *Dana Corporation* v. *Yusitis*, 127 Vt. 201, 202–03, 243 A.2d 790 (1968). However, in view of the importance of these proceedings, we have looked beyond this general rule to see if any justification for any extraordinary relief has been demonstrated.

■ ■ The two principal concerns of the company advanced in its complaint relate to (1) the failure of the board to award any relief by way of temporary rates or bonded tariffs in view of the evidence introduced; and (2) the right of the board to require the company to furnish certain cost of service data as a part of its case in support of increased tariffs. Whether or not a regulated company is entitled to a rate increase and the kind of supporting data that the regulatory body may require are decisions within the province of that agency. This Court has said, and in these days of heightened complexity in utility regulation says again with heightened force, that it will not invade the province of the Public Service Board and operate as an appellate or substitute Public Service Board. *Bacon* v. *Boston & Maine Railroad*, 83 Vt. 529, 533, 77 A. 858 (1910).

■ ■ The special authority and particular competency of that board is designed for the effective resolution of rate and utility problems, and the determination of the associated factual issues. This Court will not interject itself in that area, but restrict itself to its appellate function of reviewing the proceedings for legal error, or arbitrary and capricious action. The matters with which the complaint are concerned are peculiarly and appropriately within the juridical competence of the board and unsuited to resolution by mandamus or other extraordinary remedy. *Corcoran* v. *Village of Bennington*, 128 Vt. 482, 489, 266 A.2d 457 (1970). For this Court to embark upon an evidentiary inquiry of our own with an eye

to ordering the establishment of a tariff schedule irrespective of the conclusions of the Public Service Board would be both unwise and improper; to do so without evidence would be unthinkable.

In short, the issues sought to be litigated under this complaint belong, in the first instance, to the board, and best come here by way of appellate review. Such a review is fully capable of reaching the questions termed critical by the company. The refusal of a rate increase, an act within the competence of the board, can receive conventional testing by way of appeal, with its matching of the judgment order to supporting findings. Mandamus does not yield, in any orderly way, as adequate a test. Our mandate, in 131 Vt. 284, 305 A.2d 571, contemplated no restriction on the statutory powers of the board, but operated by way of definition of them. The justification for its order is tested by appellate review, not by extraordinary writ.

The circumstances of this decision make it unnecessary to comment on the consequences of any federal price directives.

*Complainant's request for issuance of a writ under V.R.A.P. 21 is denied.*