International Association of Firefighters Local #2287,
Montpelier, Vermont

v.

City of Montpelier, Vermont
American Federation of State, County, and Municipal
Employees, AFL-CIO

v.

City of Montpelier, Vermont

[332 A.2d 795]

Nos. 30-74, 146-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed February 4, 1975

*Cornelius O. Granai, Esq.*, Barre, for Plaintiff.

*McKee, Clewley & FitzPatrick*, Montpelier, for Defendant.

*Edward J. Carroll, Esq.*, of *Thomas & Alexander*, Burlington, for Plaintiff.

*McKee, Clewley & FitzPatrick*, Montpelier, for Defendant.

**Larrow, J.** In two appeals, argued together by agreement, the appellant City of Montpelier claims error by the State Labor Relations Board in its certification, after appropriate elections, of the respective plaintiffs as exclusive collective bargaining units. By its order of May 1, 1974, the Board, acting under 21 V.S.A. § 1724, certified the International Association of Firefighters, Local No. 2287 (hereinafter called Firefighters) as the bargaining agent of the Assistant Chiefs, Captains and Firefighters of the Montpelier Fire Department, and on the same date, by similar order, certified American Federation of State, County and Municipal Employees, AFL-CIO, (AFSCME) as the bargaining unit of the permanent patrolmen and dispatchers of the Montpelier Police Department. The firefighters' unit includes 15 employees, the police unit six. These orders are appealed by the City on a common ground, raised below in each case. No question is here presented as to the membership in each unit, but, as it did below, the City urges that certification of the two units creates an overfragmentation of units, in violation of one of the criteria set out in 21 V.S.A. § 1724(c)(2).

The statute here involved, 21 V.S.A. § 1724(c) reads in its material portion as follows:

> (c) In determining whether a question of representation exists, the board shall take into consideration the following criteria:
>
> . . . .
>
> (2) Whether overfragmentation of units will result from certification to a degree which is likely to produce an adverse effect on the effective representation of other employees of the municipal employer or upon the effective operation of the municipal employer.

In the AFSCME case, the Board found that there was no evidence from which it could conclude that designation of the bargaining unit would produce an adverse effect upon the effective operation of the City, the only point here in controversy. In the Firefighters' case, it made an affirmative finding that such designation would not create an overfragmentation likely to produce such adverse effect. The City here argues that these findings cannot be sustained. We disagree.

Appellees contend that overfragmentation, under the statute, is an affirmative defense, with the burden of proof resting on the City under V.R.C.P. 8(c). V.R.C.P. 1 outlines the scope of the Rules of Civil Procedure, and administrative hearings are not included within their purview. Nor does 3 V.S.A. § 810(1), making the rules of evidence in county courts applicable to such hearings, affect this contention, since assignment of burden of proof is not a rule of evidence. Further, we are not persuaded that the designation of statutory criteria to be met, without more, results in the assignment of a burden of proof to any party involved. Our affirmance of the results below must be on other grounds. Such other grounds are clearly present.

While the verbatim record of the hearings below is fragmentary and incomplete, it is in effect conceded that the City's position is based upon evidence given by its city manager and corroborated to some extent by one of its aldermen. Admitting that the police and fire departments have different functions and work completely different hours and shifts, their opinion evidence was to the effect that, as a matter of time and expediency, it would be preferable to have a single bargaining unit, so that both contemplated contracts could be negotiated at one time, with one bargaining representative. The total indicated experience in collective bargaining was that of the manager, who, in another city, had once negotiated a contract with a unit representing the public works department.

We see no need to analyze at length the statutes of other states, and their decisions, cited us by the parties. Some divergence in both appears, but none we regard as controlling in the instant case. "Overfragmentation" has been variously defined, and certainly involves mixed questions of law and fact. Precise definition is not here required, because the heart of

the Board's conclusion is that no adverse effect upon the effective operation of the municipal employer exists.

■ We have had prior occasion to delineate the force of opinion evidence. It has no probative value greater than the soundness of the reasons given for it, does not establish any material fact as a matter of law, and is not of controlling effect. *Green Mountain Marble Co.* v. *Highway Board*, 130 Vt. 455, 464, 296 A.2d 198 (1972); *Allen* v. *Burlington Housing Authority*, 129 Vt. 8, 270 A.2d 588 (1970). A finding favorable to the party producing it is not mandated. Where, as here, the qualifications adduced were minimal, the rule has even greater force.

■ Moreover, even if the qualifications were high, the conclusion that a single unit would be preferable as a matter of time and expediency falls far short of establishing an adverse effect upon the effective operation of the municipal employer. It does not appear that two bargaining units would significantly impede municipal operation in any manner.

■■ We recognize that some judgments, as here, are the particular province of a regulatory body, with its "recognized regulatory competence and expertise." *In re Petition of Green Mountain Power Corp.*, 133 Vt. 107, 110, 329 A.2d 372 (1974); *In re New England Tel. & Tel. Co.*, 131 Vt. 470, 307 A.2d 783 (1973). We also presume the actions of an administrative body to be correct, valid and reasonable, with a clear and convincing showing required to overcome the presumption. *In re Appeal of Devoid*, 130 Vt. 141, 148, 287 A.2d 573 (1972). Even if we entertained doubts about the wisdom of the course adopted below, it was clearly within the province of the Board, supported by the record before it, and requires affirmance. *Wendland* v. *Green Mountain Power Corp.*, 132 Vt. 320, 322, 318 A.2d 668 (1974); *In re Petition of Green Mountain Power Corp., supra.*

*In each case, the judgment is affirmed.*