## Local Union No. 300, IBEW v. Burlington Electric Light Department

[336 A.2d 178]

No. 253-73

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed April 1, 1975

*John M. Kilmurry*, Montpelier, for Plaintiff.

*Joseph E. McNeil* and *Michael Wool*, Burlington, for Defendant.

**Smith, J.** The State Labor Relations Board was presented with a petition by Local Union No. 300, IBEW, seeking to represent the approximately thirty employees at the Moran Generating Station. Moran is one of the two principal plants of the Burlington Electric Light Department, a municipally owned division of the City of Burlington, Vermont. The Board made findings of fact and ordered that the employees of this generating plant constituted an appropriate unit to vote on whether or not they desired to be represented by the petitioning union. The Board has stayed its order pending the appeal to this Court.

The issues here presented by the appellant, Burlington Electric Light Department, are three in number:

(1) Are the Board's findings supported by the evidence?

(2) Did the Board allow the extent of organization of the employees at Moran to be controlling on the question of bargaining unit appropriateness?

(3) Is the Board's determination that certification of the Moran employees as an appropriate bargaining unit will not result in overfragmentation of units erroneous and not supported by the findings?

The first question presented is easily answered. The appellant has failed to point out to us which, if any, of the findings made by the Board are not supported by the evidence. Its attack on the Board's resolution of the overfragmentation issue

is more precisely briefed; this resolution is more appropriately viewed as a conclusion of law and will be considered *infra*.

Reading the evidence in support of the findings of the Board, as we must, we find that such findings are supported, when considered as a whole. The credibility of the witnesses and the weight to be given to their evidence was for the trier of fact, in this case the Board, to determine; and this Court cannot substitute its own judgment for that of the Board on the questions of fact and the credibility of the witnesses. *Everlasting Memorial Works* v. *Huyck Monument Works,* 128 Vt. 103, 109, 258 A.2d 845 (1969). We find no ground for reversal or remand on this issue.

Before considering the other issues presented here, a brief statement of the facts found below is helpful.

The Burlington Electric Light Department has 111 employees, of which 14 are supervisory and excluded from bargaining unit eligibility. The operations of this utility are conducted from two separate locations, about one and a half miles apart. The generating plant, for which union representation is sought, is basically involved in the generation of electricity by means of turbines, powered by coal and natural gas. The workers in the generating plant are employed in specialized kinds of work as boiler and turbine operators, turbine mechanics, boiler firemen, and watch engineers. These employees operate on a three-shift basis, twenty-four hours a day, seven days a week.

The Pine Street plant is concerned with the distribution of electricity and administration. The finding of the Board was that the generating plant employees constituted a functionally distinct group, with separate supervision, and with no interchange in their technical work with other employees of the utility. The employees at the generating plant also have work schedules set up on a different basis than other employees of the municipal utility.

Based on these facts, the Board concluded that the generating plant employees should have the right to constitute a separate unit if they so desired. It also concluded that there was no evidence that allowing the employees at Moran to constitute a separate unit would result in overfragmentation or produce an adverse effect upon the effective operation of the department.

■ The second objection of the appellant is based upon the Board's finding that the petitioning union sought to organize the generating plant employees because it had been requested to do so only by this particular group of the department's employees. Other employees had not expressed an interest in having the petitioner represent them. This finding, the appellant contends, was the controlling reason for the Board determining that a separate bargaining unit for the generating plant employees was appropriate.

21 V.S.A. § 1724(c)(3), as set forth in the Vermont Municipal Labor Relations Act, provides that "[i]n determining whether a unit is appropriate the extent to which the employees have organized is not controlling." This statute does not say that the extent to which the employees have organized may not be considered as a factor; it merely provides that it shall not be the controlling factor, and the findings do not disclose that it did control the determination of the Board. For the Board found a number of other reasons for its determination. Among those already noted were the distinct difference in the functions performed by the generating plant employees as compared with other employees of the system, the different work shift systems used at the two plants, and the lack of interchange of employees between the two plants for technical work. Furthermore, we find no duty imposed on the Board, as the appellant suggests, to make a specific finding that the extent of employee organization did not control its decision.

■ We now turn to the last argument of the appellant which is, in effect, that the determination of the Board that certification of the employees at Moran as a separate unit for collective bargaining would not result in overfragmentation of the units of the municipal electrical system was error.

The appellant has cited us to National Labor Relations Board decisions which it asserts should have been controlling on the State Labor Relations Board, *Baltimore Gas and Electric Co. and International Brotherhood of Electrical Workers, AFL–CIO,* 206 C.C.H. N.L.R.B. No. 33 (1973) and *Colorado Interstate Gas. Co. and International Union of Operating Engineers, Local 340, AFL–CIO,* 202 N.L.R.B. 847, 202 C.C.H. N.L.R.B. No. 122 (1973). In both these cases there was a substantial interchange of employees between districts, or plants

of the company, and in one of the cases, at least, there was already another union serving as a bargaining unit for many of the employees.

In the case before us, the findings are that the work and functions of the workers in the Moran Generating Station were of an entirely different nature than those performed by other employees of the municipal electrical system. Further, it does not appear that any other union or bargaining unit represented any of the employees of the system.

We are not faced here, as we were in *International Association of Firefighters, Local 2287* v. *City of Montpelier*, 133 Vt. 175, 332 A.2d 795 (1975) with the question of overfragmentation because a municipality would have to bargain with two separate units. Again, as was stated in the *Montpelier* case, we recognize that some judgments are the particular province of a regulatory body, with its "recognized regulatory competence and expertise." *Id.* at 178.

As was stated by Mr. Justice Larrow in the *Montpelier* case, "Even if we entertained doubts about the wisdom of the course adopted below, it was clearly within the province of the Board, supported by the record before it, and requires affirmance." *Id.; accord, In re Petition of Green Mountain Power Corp.*, 133 Vt. 107, 329 A.2d 372 (1974).

*Judgment affirmed.*