## In re Appeal of City of Barre (Town of Orange, Petitioner)

[365 A.2d 519]

No. 115-76

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed October 5, 1976

*Garfield H. Miller* of *Black and Plante,* White River Junction, for Petitioner.

*John F. Nichols,* Barre, for Respondent.

**Per Curiam.** City of Barre, owner of a reservoir property in the Town of Orange, appealed its 1971 tax valuation to the Orange board of civil authority, and then to the commissioner of taxes under 32 V.S.A. § 4461. The board of appraisers appointed by him, after hearing, substantially reduced the valuation in question, and Town of Orange filed a petition for extraordinary relief in the Washington Superior Court. That court, over objections to its jurisdiction, dismissed the petition on its merits, finding that the board had substantially complied with all statutory and constitutional requirements, and that the provisions of 32 V.S.A. § 4468 did not apply to the property involved.

Admittedly, all the issues raised by the Town's petition could have been raised by direct appeal to this court. 3 V.S.A. § 815(a); *Town of Barnet* v. *Central Vermont Public Service Corp.,* 131 Vt. 578, 580, 313 A.2d 392 (1973). That being so, extraordinary relief in the nature of certiorari [abolished, as such, by V.R.C.P. 81(b)], is not available. *Town of Barnet* v. *New England Power Co.,* 130 Vt. 268, 291 A.2d 396 (1972). *In re: Taconic R. & B. Ass'n,* 125 Vt. 76, 209 A.2d 492 (1965).

Nor can the petition to superior court be justified under V.R.C.P. 74(a). That rule provides for an appeal to superior court by "any party entitled thereto by law" in a contested case. The proceedings before the tax board are a

contested case. *Town of Barnet* v. *New England Power Co.,
supra.* They are appealable to this Court under the Admini-
strative Procedure Act, 3 V.S.A. §§ 801–816. But the legisla-
tive scheme, viewed as a whole, clearly demarcates alternative
methods of appeal from a board of civil authority, with de
novo proceedings in each instance. One route is to the superior
court, the other to the board of appraisers appointed by the
commissioner. 32 V.S.A. § 4461. The review of the board's
action by the superior court, here sought, is not one to which a
party is "entitled by law," because no statute provides for it,
and the clear intendment of § 4461 is that the avenues of
appeal be separate and distinct. Cf. *Town of Barnet* v. *Central
Vermont Public Service Corp., supra,* 131 Vt. at 580.

V.R.C.P. 75 is similarly inapplicable. It provides review
procedure "if such review is otherwise available by law." The
reasoning applicable to Rule 74 applies here also; availability
and entitlement are synonymous. Moreover, as the Reporter's
Notes indicate, Rule 75 is a substitute procedure for certi-
orari, or for use where a particular statute provides for supe-
rior court review. No such particular statute here exists, and,
with a direct appeal to this Court, a remedy in the nature of
certiorari is not available, as above indicated.

The general statutory scheme of alternative appeal
routes seems clear, and we must follow it. Absent constitu-
tional requirements, a method of appellate review may be se-
lected, or withheld, by legislative action. *State* v. *Muzzy,* 124
Vt. 222, 202 A.2d 267 (1964); *In re Appeal of Rhodes,* 131 Vt.
308, 305 A.2d 591 (1973). The method here prescribed does
not contemplate the "horizontal appeal" here attempted.

Since the trial court dismissed the petition on the merits, we
must reverse. Jurisdiction was lacking. In the unique posture
of this case, the result leaves the holding of the board of ap-
praisers undisturbed and unappealed from. We emphasize
that substantive claims of error before that board are not
reached or decided.

*The order of the Washington Superior Court dismissing the
action on the merits is vacated. The petition of Town of
Orange in Docket No. C-100-73 WnM is dismissed for lack of
jurisdiction. Each party shall bear its own costs in each
court.*