## CHAUFFEURS, TEAMSTERS, WAREHOUSEMEN, HELPERS UNION LOCAL 597 v. UNIVERSITY OF VERMONT

[702 A.2d 75]

No. 96-254

July 28, 1977. The University of Vermont appeals a decision of the Vermont Labor Relations Board certifying the Chauffeurs, Teamsters, Warehousemen, Helpers Union Local 597 as the exclusive collective bargaining representative for employees of the Police Services Department of the University. We affirm.

In October 1995, the union filed a petition with the Board for an election of a collective bargaining representative for a bargaining unit comprised of eleven patrol officers employed by the University. The University objected, contending that the proposed bargaining group was not an appropriate unit under the relevant statutory criteria. The University also argued, alternatively, that should the unit be certified, it should include other employees from the Police Services Department, including support staff.

Following a hearing, the Board ruled in favor of the union, concluding that the proposed unit, expanded to include dispatchers and service officers, was appropriate. See 3 V.S.A. § 941(b) ("No bargaining unit or collective bargaining representative shall be recognized by the employer until the board has determined the appropriate unit to be represented and has formally certified its determination."). The Board found that these employees represent a "distinct, unique and identifiable group," noting the highly integrated nature of their work, the shared dangers and stresses of police work, as well as the unique training and qualifications required by law enforcement officers and staff, all giving rise to a community of interests specific to the Police Services Department. The Board also found that the department head, Chief David Richard, had considerable supervisory authority and substantial influence on the conditions of employment, potential matters for negotiation. The Board further noted that because the Police Services unit was the first such group of University employees to seek separate recognition as a bargaining unit, certification did not pose a threat of overfragmentation to the extent that it would jeopardize the operation of the University or the effective representation of its other employees.

The Board ordered a secret ballot election and, following a sixteen-to-one election result favoring organization into the proposed unit and representation by the union, issued an Order of Certification.

The issue is whether the Board's certification of the bargaining unit is supported by the findings taken as a whole. The State Employees Labor Relations Act provides three criteria which the Board is to consider when evaluating the appropriateness of a collective bargaining unit:

> (1) The authority of governmental officials at the unit level to take positive action on matters subject to negotiation.
> (2) The similarity or divergence of the interests, needs, and general conditions of employment of the employees to be represented. . . .
> (3) Whether over-fragmentation of units among state employees will result from certification to a degree which is likely to produce an adverse effect either on effective representation of state employees generally, or upon the efficient operation of state government.

3 V.S.A. § 941(f).

This Court has determined that the relative weight to be given each criterion

is a judgment falling within the Board's field of expertise. *In re Liquor Control Dep't Non-supervisory Employees*, 135 Vt. 623, 625, 383 A.2d 612, 613 (1978). Indeed, the overall standard of review we apply in examining the Board's unit determinations is one of substantial deference, as those determinations fall within the particular province of the Board. "We . . . presume the actions of an administrative body to be correct, valid and reasonable, with a clear and convincing showing required to overcome the presumption." *International Ass'n of Firefighters Local #2287 v. City of Montpelier*, 133 Vt. 175, 178, 332 A.2d 795, 797 (1975); accord *Vermont State Colleges Faculty Fed'n v. Vermont State Colleges*, 152 Vt. 343, 350, 566 A.2d 955, 959 (1989); *In re VSEA, Inc.*, 143 Vt. 636, 642, 471 A.2d 230, 234 (1983). Furthermore, "[i]n reviewing the Board's unit determination . . . we should only ask whether the findings of fact taken as a whole justify the Board's ultimate conclusion." *In re Liquor Control*, 135 Vt. at 625, 383 A.2d at 613.

The University asserts that the Board misapplied the statutory criteria and that its conclusions are unsupported by the evidence. It argues that the statute establishes a "presumption" in favor of broad bargaining units that can be overcome only by a sufficient showing of both a similarity of interests within the bargaining unit, and a sufficient divergence of interests from the rest of the University employees. The University contends, moreover, that such a divergence of interests does not exist.

There is no mention, however, of such a presumption in the Act, and the Board has indicated in its decisions that there is merely a strong policy favoring broader units that can be influential in the absence of evidence indicating that certification of a smaller unit is warranted. See *Champlain Valley Union High Sch. Staff Ass'n v. Champlain Valley Union High Sch. Bd. of Sch. Directors*, 3 V.L.R.B. 426, 433-34 (1980). This is not such a case. As noted, the Board found, and the record disclosed, a substantial community of interest among the members of the Police Services Department. Furthermore, a showing of a sufficient divergence of interests is not necessary to overcome the Board's general policy favoring larger bargaining units.

The University also argues that even if the Board applied the statutory criteria properly, its conclusions are nevertheless unsupported by the evidence. On the contrary, the substantial evidence relating to the unique nature of the work, qualifications, and training of the unit's employees amply supports the Board's findings and its conclusion that the Police Services Department constitutes an appropriate bargaining unit.

*Affirmed.*