Britton Lumber Company, Inc. v. Town of Fairlee

[413 A.2d 808]

No. 379-79

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Underwood,
Superior Judge, Specially Assigned

Opinion Filed April 8, 1980

*Brownell & Hoyt,* Norwich, for Plaintiff.

*Otterman and Allen, P.C.,* Bradford, for Defendant.

**Per Curiam.** On August 4, 1979, the Board of Civil Authority issued taxpayer two separate sets of findings and conclusions, one concerning the appraisal of taxpayer's real property, and the other concerning the appraisal of taxpayer's personal property. Each set of findings bore a cover sheet entitled "Notice to Taxpayers—Result of Appeal to Board of Civil Authority," and each cover sheet specified that "a person aggrieved by a decision of the Board of Civil Authority may appeal either to the Director, of the Division of Property Valua-

tion & Review or to the Superior Court . . . ." The taxpayer appealed the decision on its personal property to the Director, and the decision on its real property to the superior court. The town challenged this procedure by motion to dismiss on the ground that the separate findings are part of a single appealable decision, the taxpayer's final grand list, which must be appealed either to the Director or to the superior court, but not to both. From the order of the superior court granting this motion, taxpayer appeals.

Section 4461(a) of Title 32 reads in relevant part:

> A taxpayer . . . aggrieved by a decision of the board of civil authority under subchapter 1 of this chapter, within twenty-one days after the day of mailing of notice by the town clerk to the taxpayer of the board's decision, may appeal from the decision of the board either to the director or to the superior court of the county in which the property is situated.

We have previously stated that the word "decision" in this statute will be construed in accordance with its plain and ordinary meaning. *Punderson* v. *Town of Chittenden*, 136 Vt. 221, 224, 388 A.2d 373, 375 (1978). While not every minor choice between alternative positions constitutes a "decision" within the meaning of § 4461, a separately stated determination regarding distinct property, whether of different location, ownership, or kind, constitutes a "decision" within the ordinary meaning of that word. Therefore, under the circumstances of this case, there were two appealable decisions of the Board. Since, under the plain language of § 4461, a decision of the Board may be appealed either to the Director or to the superior court, it was error to dismiss the appeal of the real property decision solely because the taxpayer exercised its statutory right to appeal the personal property decision to the Director.

Nothing in this opinion is to be construed as foreclosing the appeal of several decisions to a single tribunal. We merely hold that § 4461 allows separate decisions to be appealed either to the Director or to the superior court.

208

Appellee argues that the policy against multiplicity of litigation counsels against this result. Even if this general policy were applicable to the facts presented here, it could not prevail against the clear legislative mandate of 32 V.S.A. § 4461(a). See *In re City of Barre*, 134 Vt. 519, 521, 365 A.2d 519, 520–21 (1976) (per curiam). This policy, however, does not apply here, because it is not multiplicity of litigation to press two separate appeals based on two separate appealable decisions.

*Reversed and remanded.*