## Firefighters of Brattleboro, Vermont, Local #2628 v. Brattleboro Fire Department, Town of Brattleboro

[415 A.2d 243]

Nos. 238-78 and 284-78

Present: Daley, Billings and Hill, JJ., and Smith, J. (Ret.),
and Hayes, Superior Judge, Specially Assigned

Opinion Filed May 13, 1980

*Alan P. Biederman,* Rutland, for Plaintiffs.

*John S. Burgess,* Brattleboro, for Defendants.

**Hayes, Supr. J.** Pursuant to 3 V.S.A. § 1003, the Brattleboro Fire Department and Town of Brattleboro (hereinafter Town) appeal from an order of the Vermont Labor Relations Board, dated August 21, 1978, certifying that the appropriate bargaining unit for the Brattleboro Fire Department includes all its members, except the fire chief and deputy fire chief (supervisory positions), a secretary (confidential position), and one firefighter (probationary position). The only issue in this appeal is whether a fire captain of the Brattleboro Fire Department is a "municipal employee," 21 V.S.A. § 1722(12), and, therefore, includible as part of the appropriate bargaining unit.

The Town below, and on appeal, has contended that the four fire captains of the Brattleboro Fire Department are "supervisors," and specifically exempted by statute from inclusion in the bargaining unit. Under 21 V.S.A. § 1722(12), only "employees" are properly includible in a bargaining unit, which provision combines with 21 V.S.A. § 1722(12)(B) to exclude from the bargaining unit any "individuals employed as supervisors."

To resolve this issue we look to 21 V.S.A. § 1502(13) which defines a "supervisor" as:

> [A]n individual having capacity, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward or discipline other employees or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature but requires the use of independent judgment.

■ This statutory definition of "supervisor" is identical to the National Labor Relations Act's definition, 29 U.S.C. § 152(11), and is largely a determination of fact "in which the Board (N.L.R.B.) is afforded a large measure of informed discretion." *NLRB* v. *Hoerner-Waldorf Corp.*, 525 F.2d 805, 808 (8th Cir. 1975). The Vermont Labor Relations Board is afforded similar discretion in applying the statutory definition of a "supervisor" to the instant facts. Its decision will not be overturned unless shown to be clearly erroneous. *In re McMahon*, 136 Vt. 512, 514, 394 A.2d 1136, 1138 (1978).

■ In its findings below, the Board concluded, *inter alia,* that these four fire captains were *non*supervisory municipal employees, included within the bargaining unit, as they: did not make policy decisions and exercised little discretion; performed, in general, the same duties as firefighters; only directed firefighting in the absence of a superior officer; and did not hire, transfer, lay off, recall, promote, discharge, assign or reward, or effectively recommend the same. The Board's findings are supported by the record, and we affirm.

■■ The Town, in basing its appeal on claimed factual errors below, must overcome, by clear and convincing evidence, the strong presumption that the Board's acts are correct, valid, and reasonable. Cf. *In re Devoid*, 130 Vt. 141, 148, 287 A.2d 573, 577 (1972) (acts and orders of administrative body, Social Welfare Board, presumed correct). It is not enough for the Town to show that the facts below might lend themselves to a different reading by a different tribunal, as we will not substitute our judgment of the facts for that of a regulatory body. *Local No. 300, IBEW* v. *Burlington Electric Light Department*, 133 Vt. 258, 262, 336 A.2d 178, 179 (1975). Moreover, federal cases, which this Court has looked to for guidance in this area, *In re Southwestern Vermont Education Association*, 136 Vt. 490, 492, 396 A.2d 123, 124 (1978), indicate a great reluctance on the part of federal courts to disturb the findings of the N.L.R.B. unless there existed no evidence to support them. See, e.g., *NLRB* v. *A. J. Tower Co.*, 329 U.S. 324, 330 (1946); *NLRB* v. *Doctors' Hospital of Modesto, Inc.*, 489 F.2d 772, 776 (9th Cir. 1973).

■ In its brief, the Town cites several of the enumerated criteria in the definition of "supervisor," 21 V.S.A. § 1502

(13), and claims error in the Board not finding the existence of any of these claimed "supervisory" acts by the fire captains. It is noteworthy that this statutory definition of "supervisor" is in the disjunctive. Thus, if any *one* of enumerated supervisory acts is present, the individual (fire captain) would come within the definition of a "supervisor," and not be eligible for membership in the bargaining unit. *NLRB* v. *Magnesium Casting Co.*, 427 F.2d 114, 117 (1st Cir. 1970).

■ The Town argues that the four fire captains have direct authority to discipline, suspend, or lay off a firefighter based on a fire captain's testimony that they (fire captains), by an agreement with the Chief, "can suspend a guy for one day and he (the Chief) will back us." After reviewing the contradictory testimony, the Board found, and we believe correctly, that this authority was extremely limited (sending a man home who is unfit for duty), and no one who testified could recall an incident when it was exercised. Moreover, this power is subject to review by the Chief with final approval coming from the Town Manager.

■■ The statutory test is whether or not an individual can *effectively exercise* the authority granted him; theoretical or paper power will not make one a supervisor. *Food Store Employees Local 347, A.M.C. & B.W.* v. *NLRB*, 422 F.2d 685, 690 (D.C. Cir. 1969). In the instant case, the fire captains cannot effectively exercise supervisory authority for purposes of discipline. They only act as a supervisor when they are the superior officer at a fire or, in the absence of the chief, when designated as acting fire chief. An employee does not acquire a supervisor's status by reason of temporarily taking over the supervisor's duties in his absence. *NLRB* v. *Sayers Printing Co.*, 453 F.2d 810, 815 (8th Cir. 1971). Nor do rare or infrequent supervisory acts change the status of an employee to a "supervisor." *Pulley* v. *NLRB*, 395 F.2d 870, 875 (6th Cir. 1968). In addition, regardless of inconsistencies in the evidence below or even substantial evidence to the contrary, if credible evidence supports the Board's findings, they will stand. *Ohland* v. *Dubay*, 133 Vt. 300, 303, 336 A.2d 203, 205 (1975).

■ The Town, on appeal, also argues that the fire captains are supervisors because they implement the decisions of the chief, particularly in job assignments. We disagree.

The statutory definition of "supervisor" contains two parts: (1) the enumerated powers, including the power to assign, *and* (2) the exercise of such powers "not of a merely routine or clerical nature but require[ing] the use of independent judgment." This test, stated in the conjunctive, requires that both parts be met. *Laborers & Hod Carriers, Local 341* v. *NLRB*, 564 F.2d 834, 837 (9th Cir. 1977). As the Board found, the evidence below indicates that the fire captains do not exercise independent judgment as they are in charge of their shifts, only until relieved by a superior officer, "for housework [and] any details that come along," and typically work from a "routine housework schedule," prepared by the chief, "which is available to all firefighters."

Moreover, the Board's decision that the assignment of routine duties, pursuant to directives and established procedures, does not make one a supervisor is a judgment call which falls within the particular expertise of the Board, *International Association of Firefighters, Local #2287* v. *City of Montpelier*, 133 Vt. 175, 178, 332 A.2d 795, 797 (1975). It is supported by the record, and requires affirmance. Federal courts have similarly given broad discretion to the N.L.R.B. decisions in this area. See, e.g., *NLRB* v. *Doctors' Hospital of Modesto, Inc.*, *supra*. In a factually analogous case, *Precision Fabricators, Inc.* v. *NLRB*, 204 F.2d 567 (2d Cir. 1953), the N.L.R.B. adjudicated as *non*supervisory a worker who spent 20% of his time assigning work to others based on prepared production lists and management orders. The Board found that the worker "did no more than to keep all hands busy" on the work given him by management. *Id.* at 568. Fundamentally, the fire captain's role is to carry out the chief's orders, and does not require the exercise of independent judgment.

The Town further claims that fire captains are supervisors as they have the power to "effectively recommend" one or more of the enumerated acts under 21 V.S.A. § 1502(13). The Town cites, in particular, hiring and transfer as areas wherein the fire captains can effectively recommend action.

The testimony below indicated that the chief would consider recommendations from not only the fire captains but also

from other members of the department (lieutenants) in reaching a decision. Based on this and other evidence presented at the hearing, the Board concluded, and we agree, that sufficient evidence did not exist to support a finding that the Brattleboro fire captains can "effectively recommend" any one of the "enumerated supervisory" duties, a statutory prerequisite to exclusion from the bargaining unit. If credible evidence supports the Board's findings, they will stand. *Ohland* v. *Dubay, supra.*

Having reviewed the record in this case, we are convinced that the findings and decision of the Board are supported by the evidence below and justified the Board's conclusion.

*Judgment affirmed.*