### Board of Trustees of Kellogg–Hubbard Library, Inc. v. Labor Relations Board and Local 1369, AFSCME, AFL-CIO

[649 A.2d 784]

No. 93-161

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed September 30, 1994

*J. Scott Cameron* of *Paterson & Walke, P.C.*, Montpelier, for Plaintiff-Appellant.

*Colin R. Benjamin* and *Alan P. Biederman* of *Biederman and Rakow, P.C.*, Rutland, for Appellee Local 1369, AFSCME.

**Johnson, J.** The issue in this case is whether an aggrieved party may appeal directly to this Court from orders of the Vermont Labor

Relations Board (VLRB) pertaining to unit determination and certification under the State Labor Relations Act (SLRA), 21 V.S.A. §§ 1501–1623. Because we agree with the superior court that statutory law provides for such review, we affirm the court's refusal to assert jurisdiction over appellant's complaint under V.R.C.P. 75.

In October 1991, appellee, local union 1369 of the American Federation of State, County, and Municipal Employees, filed a petition under the SLRA requesting the VLRB to conduct an election among employees of the Kellogg-Hubbard Library, a private, nonprofit entity, to determine whether the employees wanted Local 1369 to represent them as their collective bargaining agent. Appellant, the library's board of trustees (Library), moved to dismiss the petition on the ground that the National Labor Relations Board (NLRB) had jurisdiction over the matter, not the VLRB. On February 10, 1992, the VLRB denied the Library's motion, ruling that it had jurisdiction because the NLRB, through an advisory opinion in an analogous case, had declined to assert jurisdiction over the dispute. See 21 V.S.A. § 1505 (SLRA does not apply to any employer or labor dispute that affects commerce unless NLRB has ceded, or declined to assert, jurisdiction). Accordingly, the VLRB granted the union's petition, and in June 1992 the employees voted 8-1 to have Local 1369 represent them. On July 13, 1992, the VLRB issued an order certifying the union as the collective bargaining agent for the library's employees.

On August 10, 1992, the Library filed a complaint in superior court requesting a declaratory judgment that the VLRB lacked jurisdiction over the petition filed by the union. The Library asserted that relief was available in superior court under V.R.C.P. 75 because there was no direct avenue of appeal under the SLRA. The superior court disagreed. Comparing the SLRA with the other two acts administered by the VLRB—the State Employees Labor Relations Act (SELRA), 3 V.S.A. §§ 901–1007, and the Municipal Employees Relations Act (MERA), 21 V.S.A. §§ 1721–1735—the court concluded that the legislature intended that the general principles and powers set forth in SELRA, including the provision allowing aggrieved persons to appeal directly to the Supreme Court on questions of law raised by decisions of the VLRB, would also apply in proceedings under SLRA and MERA. The court stated that it would be "absurd and unreasonable" to conclude that similar errors of law could be appealed directly to this Court under one of the statutes administered by the VLRB, but not the others. Accordingly, the court dismissed the Library's complaint for lack of subject matter jurisdiction.

■ We first examine the relevant statutes. The SLRA, which applies to employees in the private sector, see 21 V.S.A. § 1502(6), (7), was enacted in 1967. It expressly allows an aggrieved party to appeal to this Court from a decision in a proceeding involving a charge of an unfair labor practice, 21 V.S.A. § 1623(c), but it does not provide a right of appeal in any other type of proceeding. SELRA, which applies to state employees, 3 V.S.A. § 902(4), (5), was enacted in 1969. It includes a broad appeal provision, which states that "[a]ny person aggrieved by an order or decision of the board issued under the authority of this chapter may appeal on questions of law to the supreme court." 3 V.S.A. § 1003(a). MERA, which applies to municipal employees, was enacted in 1973. It also contains a broad appeal provision that is virtually identical to 3 V.S.A. § 1003(a). See 21 V.S.A. § 1729(c). In 1976, the legislature passed Act 152, which recreated the VLRB within SELRA, 1975 (Adj.Sess.), §§ 1–6, and repealed provisions in the SLRA pertaining to the creation and empowerment of the VLRB, *id.* § 7. Act 152 added, among other things, the following provision to the "powers and duties" provision in SELRA:

> (d) In addition to its responsibilities under this chapter, the board shall carry out the responsibilities given to it under [SLRA] and when so doing shall exercise the powers and follow the procedures set out in that chapter. The board shall also carry out the responsibilities given to it under [MERA] and when so doing shall exercise the powers and follow the procedures set out in that chapter.

3 V.S.A. § 924(d).

■ We agree with the superior court that the three statutes are closely related and therefore should be considered in pari materia as part of one system intended to oversee labor relations. See *In re Preseault*, 130 Vt. 343, 346, 292 A.2d 832, 834 (1972) ("Statutes *in pari materia* are to be construed with reference to each other as parts of one system."). Statutes are considered to be in pari materia when they deal with the same subject matter or have the same objective or purpose. 2B N. Singer, Sutherland Statutory Construction § 51.03, at 138 (5th ed. 1992). Further, "[c]haracterization of the object or purpose is more important than characterization of subject matter in determining whether different statutes are closely enough related to justify interpreting one in light of the other." *Id.*

Each of the three statutes has a virtually identical statement of purpose: To prescribe the rights of certain employees and employers

in their relations with each other, to provide procedures for the protection of those rights, to protect the rights of individual employees in their relations with labor organizations, to proscribe harmful labor practices, and to protect the rights of the public in connection with labor disputes. See 3 V.S.A. § 901; 21 V.S.A. § 1501(b); 21 V.S.A. § 1721. In furtherance of these goals, all three statutes require employers, employees, and unions to follow a similar procedural system administered by a single administrative agency, which determines appropriate bargaining units, conducts representation elections, and adjudicates charges of unfair labor practices. More particularly to this case, all three statutes have similar provisions that address the procedures and the VLRB's role regarding unit determinations and petitions for elections. See 3 V.S.A. § 941; 21 V.S.A. §§ 1543, 1581; 21 V.S.A. § 1724.

In the context of these interrelated statutes, the Library argues that because the SLRA's appeal provision permits our review of VLRB orders that arise in unfair-labor-practice proceedings but is silent as to review of VLRB orders in other proceedings, review is unavailable in those other proceedings. The Library recognizes that we may review VLRB orders in virtually identical proceedings under the SLRA's two sister statutes, which expressly permit appeal to this Court from all VLRB orders. Nevertheless, in support of its position, the Library relies on the plain meaning of § 1623(c) of the SLRA and on the rule of statutory construction called inclusio unius est exclusio alterius—the inclusion of one is the exclusion of another.

■ Although rules of statutory construction may be helpful in interpreting the meaning of statutes, they are secondary to our primary objective of giving effect to the intent of the legislature. *Nash v. Warren Zoning Bd. of Adjust.*, 153 Vt. 108, 112, 569 A.2d 447, 450 (1989); see *Clymer v. Webster*, 156 Vt. 614, 625, 596 A.2d 905, 912 (1991) (rules of statutory construction are not followed when they do not further remedial purposes of statute). We decline to accept the Library's constrained and unreasonable interpretation of the statutes. Rather, examining the three statutes and the 1976 amendment to those statutes, we conclude that the legislature intended to afford aggrieved parties the right to appeal to this Court from final decisions in all types of proceedings under each of the three statutes administered by the VLRB.

■■ The only reasonable interpretation of the purpose behind the 1976 amendment is that the legislature intended to consolidate

the general powers and procedures of the VLRB in SELRA and to apply them to proceedings in each of the three labor-relations statutes, while leaving intact particular procedures expressly provided in the SLRA and MERA. Subsection 924(d), part of the "powers and duties" section of SELRA added by the 1976 amendment, provides that, in addition to its responsibilities under SELRA, the VLRB shall carry out its responsibilities, exercise its powers, and follow procedures set forth in the SLRA and MERA. Section 1003(a) of SELRA permits an aggrieved person to appeal to this Court from any order or decision of the VLRB "issued under the authority of this chapter." A hypertechnical reading of the language of §§ 1003 and 924(d) might lead to the conclusion that the right of appeal in § 1003 was not intended to extend to proceedings set forth in statutes other than SELRA. Rather than accede to this unreasonable and irrational result, we conclude that, by consolidating the VLRB's powers and duties in SELRA, the legislature intended to extend the right of appeal provided in § 1003 to all proceedings administered by the VLRB, including proceedings set forth in SELRA and MERA. See *Preseault*, 130 Vt. at 348, 292 A.2d at 835 ("A statute is to be construed as to carry out the intent of the legislature, though such construction may seem contrary to the letter of the statute."); cf. *Nash*, 153 Vt. at 112, 569 A.2d at 450 (general procedural requirements of zoning appeals apply to conditional use cases although the authority for conditional uses is in separate statute). Indeed, in two prior cases, we have presumed this to be the case. See *In re Local 1201, AFSCME*, 143 Vt. 512, 513, 469 A.2d 1176, 1177 (1983) (indicating that union appeal from VLRB order in MERA proceeding was pursuant to SELRA provision 3 V.S.A. § 1003); *Firefighters v. Brattleboro Fire Dep't*, 138 Vt. 347, 349, 415 A.2d 243, 244 (1980) (same).

This interpretation is consistent with other apparent shortcomings in SELRA and MERA. Although § 924(d) of SELRA requires the VLRB to "exercise the powers and follow the procedures" set forth in MERA and the SLRA, neither the SLRA nor MERA include all of the general powers necessary to carry out the VLRB's responsibilities under those statutes. For example, though the Board has promulgated rules to implement MERA, unlike SELRA and the SLRA, see 3 V.S.A. § 928(a); 21 V.S.A. § 1544(a), MERA contains no provision empowering the VLRB to promulgate rules. If we were to read the three statutes in isolation, we would reach the anomalous result that the Board could promulgate rules necessary to carry out its duties under SELRA and the SLRA, but

not MERA. Similarly, 3 V.S.A. § 928 exempts the VLRB, for the most part, from the Administrative Procedure Act (APA), but SELRA and MERA are silent on this matter. Yet, the procedures set forth in all three statutes are inconsistent, in many respects, with the APA.

■ Moreover, it would not make sense to afford aggrieved parties a right to appeal from VLRB orders in all proceedings under SELRA and MERA, but to force parties to use an indirect appeal route under V.R.C.P. 75 to appeal from VLRB orders in identical proceedings under the SLRA. The Library points out that the SLRA applies to private employees while SELRA and MERA apply to state and municipal employees, but it fails to explain, and we cannot fathom, why this distinction would serve as a basis for precluding appeals under the SLRA only. See *Preseault*, 130 Vt. at 348, 292 A.2d at 835 ("It is presumed in construing a statute that no unjust or unreasonable result was intended by the legislature."); cf. *State v. International Collection Serv., Inc.*, 156 Vt. 540, 543–44, 594 A.2d 426, 429 (1991) (in construing Vermont's Consumer Fraud Act, this Court stated, "It is reasonable for the legislature to determine that business persons have adequate private remedies in existing laws, while special, new remedies are necessary to protect individual consumers.").

■■ Because we conclude that the Library could have appealed directly to this Court under 3 V.S.A. § 1003 from the VLRB's ruling accepting Local 1369's petition for an election and certification, we affirm the superior court's dismissal, for lack of subject matter jurisdiction, of the Library's complaint brought under V.R.C.P. 75. The Library sought under Rule 75 a declaratory judgment and extraordinary relief in the nature of certiorari and prohibition. Relief under Rule 75, however, is not available when the legislature has established a direct route of appeal. See *In re City of Barre*, 134 Vt. 519, 520, 365 A.2d 519, 520 (1976) (extraordinary relief in nature of certiorari is not available where issues could have been raised by direct appeal); *In re LaFreniere*, 126 Vt. 204, 206, 227 A.2d 301, 302 (1967) (extraordinary remedies of mandamus, prohibition and certiorari are not available to litigant who failed to resort to statutory procedure); see also *In re Fairchild*, 159 Vt. 125, 130, 616 A.2d 228, 231 (1992) (court can issue writ of mandamus sought under V.R.C.P. 75 only if there is no other adequate remedy at law); *Williams v. State*, 156 Vt. 42, 57–58, 589 A.2d 840, 849–50 (1990) (superior court's general authority to grant declaratory relief does not provide juris-

diction where legislature has designated another tribunal to hear certain claims).

*Affirmed.*

**Gibson, J.,** dissenting. I respectfully dissent. As the majority opinion recognizes, the State Labor Relations Act (SLRA), 21 V.S.A. §§ 1501–1623, provides no authority to appeal to this Court from a Vermont Labor Relations Board (VLRB) decision on unit certification. 162 Vt. at 574, 649 A.2d at 785. To obtain review of the VLRB decision in this case, the Library, therefore, sought a declaratory judgment and extraordinary relief in superior court pursuant to V.R.C.P. 75. Where the Legislature has not provided a specific means for review, administrative action is normally reviewable under V.R.C.P. 75, unless the legislation declares the administrative decision to be final. *Hunt v. Village of Bristol,* 159 Vt. 439, 440, 620 A.2d 1266, 1266 (1992). The SLRA does not declare that VLRB decisions are final; therefore, review in superior court under V.R.C.P. 75 was the appropriate procedure in this case.

The majority holds, however, that relief sought by the Library under V.R.C.P. 75 is not available because the Legislature has established a mode of appeal from all VLRB decisions in the State Employees Labor Relations Act (SELRA), 3 V.S.A. §§ 901–1007. 162 Vt. at 577, 649 A.2d at 787. Neither the plain language of the statutes nor the rules of statutory construction relied on by the majority support this result.

The SLRA expressly provides that an aggrieved party may appeal to this Court from a VLRB decision on an unfair labor practices charge. 21 V.S.A. § 1623(c). The statute is silent, however, as to appeals from other decisions under the SLRA, such as the VLRB decision on unit determination and certification in this case. The majority concludes, however, that the appeal provision of SELRA provides authority to appeal to this Court from all VLRB decisions. 162 Vt. at 577, 649 A.2d at 787. SELRA provides: "Any person aggrieved by an order or decision of the board *issued under the authority of this chapter* may appeal on questions of law to the supreme court." 3 V.S.A. § 1003(a) (emphasis added). The primary objective in construing a statute is to effectuate the intent of the Legislature. We presume the Legislature intended the plain meaning of the statutory language. *Bisson v. Ward,* 160 Vt. 343, 348, 628 A.2d 1256, 1260 (1993). The meaning of § 1003(a) is plain on its face; it grants authority to appeal to this Court from decisions issued under

the SELRA chapter only. It does not authorize review by this Court of decisions issued under any other chapter.

To reach a result contrary to the plain language of the statute, the majority relies on the doctrine of in pari materia and the legislative intent evidenced by the 1976 amendment to SELRA. Where the meaning of a statute is plain on its face, however, no construction is necessary. *Paquette v. Paquette*, 146 Vt. 83, 86, 499 A.2d 23, 26 (1985). Indeed, the purpose of construing related statutes in pari materia is to determine the legislative intent where the statute at issue is ambiguous. *General Elec. Co. v. Southern Constr. Co.*, 383 F.2d 135, 138 (5th Cir. 1967). Here, the majority construes the SLRA and SELRA in pari materia to create ambiguity and then resolves it by invoking legislative intent from a 1976 amendment to SELRA codified at 3 V.S.A. § 924(d). Section 924(d) states:

> In addition to its responsibilities under this chapter, the board shall carry out the responsibilities given to it under [SLRA] and when doing so shall exercise the powers and *follow the procedures set out in that chapter.* The board shall also carry out the responsibilities given to it under [the Municipal Employees Labor Relations Act (MERA)] and when so doing shall exercise the powers and *follow the procedures set out in that chapter.* (Emphasis added.)

This subsection requires the Board to follow the procedures set out in the specific statute under which it is acting. It does not indicate a legislative intent to extend the broad right of appeal provided in SELRA to persons bringing actions under the SLRA; it does not even address the right of appeal. If § 924(d) sheds any light on the issue in this case, it suggests, contrary to the majority's conclusion, that the procedures under SELRA, MERA and the SLRA should be construed independently. By requiring separate procedures before the Board, the Legislature does not indicate an intent to merge the statutes to obtain the same procedure on appeal.

SELRA and the SLRA have the same purpose, but they serve mutually exclusive groups, and the Legislature has elected to address these two groups in separate statutes. The doctrine of in pari materia is not applicable when the target of two statutes is different. *Burns v. Sundlun*, 617 A.2d 114, 118 (R.I. 1992) (statutes targeting different types of gambling facilities impose independent requirements and are not to be read in pari materia); see also *State ex rel. Griffith v. City of Walnut*, 193 P.2d 172, 176–77 (Kan. 1948) (no indication that legisla-

ture intended court to read verification requirement in statute on ordinance petition into statute on referendum petition). The majority nullifies the Legislature's deliberate distinction and makes the existing appeal provisions of both the SLRA and MERA mere surplusage. See *Slocum v. Department of Social Welfare*, 154 Vt. 474, 481, 580 A.2d 951, 956 (1990) (Court presumes all language in statute is purposeful). I therefore dissent. I am authorized to say that Chief Justice Allen joins in this dissent.