**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**HOERNER–WALDORF CORPORATION, Respondent.**

**No. 75–1043.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1975.

Decided Nov. 19, 1975.

Rehearing and Rehearing En Banc Denied Dec. 12, 1975.

Charles A. Shaw, Atty., N. L. R. B., Washington, D. C., made argument for petitioner. His name also appeared on the brief and the reply brief of the Labor Board. Others whose names appeared on these briefs are Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, and John H. Ferguson, Atty., N. L. R. B., Washington, D. C. Appendix was filed by the Labor Board bearing the name of Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C.

Kenneth L. Sovereign, Industrial Relations, Hoerner-Waldorf Corp., St. Paul, Minn., made argument for respondent.

Before VAN OOSTERHOUT, Senior Circuit Judge, and BRIGHT and ROSS, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

This case is an application for enforcement of an order of the National Labor Relations Board issued pursuant to § 10(c) of the National Labor Relations Act, 29 U.S.C. § 160(c), requiring Respondent, Hoerner-Waldorf Corporation, to cease and desist from refusing to bargain collectively with Local 630 of the International Printing and Graphic Communications Union. We have jurisdiction under § 10(e) of the Act, 29 U.S.C. § 160(e). We enforce the bargaining order.

The Hoerner-Waldorf plant at Little Rock, Arkansas, manufactures corrugated boxes and has approximately 160 employees in the production and maintenance unit. There are about 40 office

employees, approximately 20 of whom work in administrative areas. On December 12, 1973, the union filed a petition with the Regional Director to represent a unit in Respondent's plant described as:

> Office clerical employees, order department employees, timekeeping employees, billing employees, design department employees, production scheduling and shipping clerical employees, excluding executive private secretaries and supervisors as defined in the Act.

The Regional Director, after a hearing, issued an order directing an election in a unit consisting of certain office clerical employees, including design and shipping department employees. The NLRB denied Respondent's timely request for a review of the Regional Director's decision in which Respondent challenged the make-up of the bargaining unit.[1] In the election, conducted March 8, 1974, 12 votes were cast for and 6 against the union and 1 ballot was challenged.[2] The union was certified as the bargaining agent for the unit March 18, 1974. Upon request by the union, Respondent refused to recognize and bargain with the union. Upon the union's request, a complaint was issued by the Board alleging that Respondent had refused to bargain in violation of § 8(a)(5) and (1) of the Act, 29 U.S.C. § 158(a)(5) and (1). The Board's Decision and Order, reported at 214 NLRB No. 103, granted General Counsel's Motion for Summary Judgment. In granting General Counsel's Motion for Summary Judgment, the Board refused to consider Respondent's challenge to the bargaining unit on the ground that Respondent was attempting to relitigate matters raised and determined in the underlying representation proceeding. *See Pittsburg Plate Glass Co. v. N.L.R.B.,* 313 U.S. 146, 162, 61 S.Ct. 908, 85 L.Ed. 1251 (1941); *N.L.R.B. v. Parkhurst Mfg. Co.,* 317 F.2d 513, 518–19 (8th Cir. 1963).

■ The Respondent admittedly refused to bargain with the Board certified union because it believed the Board improperly included Vicki Points and Milton Cook in the bargaining unit and improperly excluded Vernon Withers, William Flynn and Frank Galafaro from the unit. Points and Cook were included despite Respondent's contention that they were confidential and professional employees respectively within the meaning of §§ 2(12) and 9(b) of the Act, 29 U.S.C. §§ 152(12), 159(b). Withers was excluded because he was found by the Regional Director to be a "supervisor" within the meaning of § 2(11) of the Act, 29 U.S.C. § 152(11). Flynn, a sales office trainee, was excluded from the office clerical unit because he did not share a "sufficient community of interest" with others in the unit.[3] Galafaro, a standards engineer, was excluded for the same reason.

■ Under § 9(b) of the National Labor Relations Act, 29 U.S.C. § 159(b), the Labor Board has broad discretion in determining the appropriate bargaining unit for a representative election. *Allied Chemical Workers v. Pittsburg Plate Glass Co.,* 404 U.S. 157, 171, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971). The decision of the Board is rarely disturbed, *Packard Motor Car Co. v. N.L.R.B.,* 330 U.S. 485, 491, 67 S.Ct. 789, 91 L.Ed. 1040 (1947), and should not be set aside unless the Board acted arbitrarily or capriciously. *Stephens Produce Co., Inc., v. N.L.R.B.,* 515 F.2d 1373, 1378 (8th Cir. 1975). If there is substantial evidence upon the

---

1. Respondent's request for review of the Regional Director's decision and direction of election was summarily denied by the Board because "it raise[d] no substantial issues warranting review."

2. Only if Respondent prevails on all five of the unit placement contentions raised herein, plus the challenged ballot, will it be mathematically possible for Respondent to overturn the results of the election.

3. In determining whether an employee is correctly included within an appropriate bargaining unit, a key consideration is whether that employee has a sufficient community of interest with other members of the unit. *Wheeler-Van Label Co. v. N.L.R.B.,* 408 F.2d 613, 617 (2d Cir. 1969); *see N.L.R.B. v. Caravelle Wood Products, Inc.,* 504 F.2d 1181, 1183 (7th Cir. 1974).

record as a whole to support the Board's determination, we will enforce the Order. *Universal Camera Corp. v. N.L. R.B.,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

 We have carefully reviewed the record in this case and find substantial evidence to support the Board's determination of the appropriate bargaining unit.

The determination of who is a supervisor is a question of fact in which the Board is afforded "a large measure of informed discretion." *N.L.R.B. v. Broyhill Co.,* 514 F.2d 655, 658 (8th Cir. 1975). Personnel assistant Vernon Withers interviews applicants for office clerical positions and has the authority to reject those applicants who do not meet the Respondent's criteria. Respondent admits that Withers hires factory employees.[4] Section 2(11) of the Act, 29 U.S.C. § 152(11) defines a "supervisor" as:

> . . . any individual having authority, in the interest of the employer, to hire . . . other employees . . . if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

We find that personnel assistant Withers falls within the above described classification and that the Board did not err as a matter of law in excluding Withers from the bargaining unit.

Our holding with respect to Vernon Withers effectively disposes of Respondent's contention that the Board selected bargaining unit was inappropriate. Even if we were to find that Vicki Points and Milton Cook were improperly included and William Flynn and Frank Galafaro were improperly excluded from the bargaining unit, their votes, assuming they would have favored Respondent, would not affect the outcome of the election. *See* note 2, *supra.* Never-

theless, our review finds substantial evidence in the record considered as a whole to support the Board's determination as to those four employees. Such finding by the Board is conclusive. National Labor Relations Act § 10(e), 29 U.S.C. § 160(e); *Stephens Produce Co. v. N.L.R.B.,* 515 F.2d 1373, 1378 (8th Cir. 1975).

Respondent's other allegations that the Board (1) denied Respondent an opportunity to present evidence before the Regional Director on the issue of whether Milton Cook is a professional employee, and (2) erred in certifying the union while a notice of contest of election was pending and failed to conduct a hearing on an employee's election discrimination complaint, are without merit.

The order of the Board is enforced.

---

4. Employer's Exhibit No. 4, which is a job description for personnel assistants employed at Hoerner-Waldorf, provides that a personnel assistant "[i]nterviews, *employs* and inducts new hourly employees." (Emphasis added).