## In re Liquor Control Department Non-supervisory Employees

[383 A.2d 612]

No. 53-77

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed February 7, 1978

*Edward J. Carroll,* Burlington, and *Wendy Kahn* of *Zwerdling and Maurer*, Washington, D.C., for Petitioner.

*M. Jerome Diamond,* Attorney General, and *Jeffrey L. Amestoy*, Assistant Attorney General, Montpelier, for Respondent.

**Hill, J.** In March 1976, the American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME"), petitioned the Vermont Labor Relations Board for (1) a determination that all employees of the State Liquor Control Department except clerical employees, liquor inspectors and warehouse personnel constituted an appropriate collective bargaining unit, (2) certification of the proposed unit, and (3) an election of a bargaining representative. 3 V.S.A. § 941. On January 17, 1977, the Board issued its findings of fact, opinion and order stating that it found the proposed unit to be appropriate and ordering a secret ballot election.

In its order, the Board stated:

> The Board specifically retains jurisdiction even after a vote to change or modify the bargaining unit if, upon its own motion after hearing thereon, it deems it appropriate to add to, expand or combine this unit with another one provided that such changes are in accord with the statutory criteria.

The employer State of Vermont has appealed, contending (1) that the Board's findings of fact with respect to overfragmentation do not support its conclusions of law and order, and (2) that the Board may not retain jurisdiction after it has determined a unit to be appropriate. The State argues that a holding that the Board may not retain jurisdiction would in turn require that the whole order be vacated, because the determination of appropriateness was conditioned, the State claims, on the Board's ability to amend that determination on its own motion.

### I.

The State's contention that the Board's order should be vacated because the findings of fact do not support one of the conclusions of law suffers from its reliance on the isolated issue of overfragmentation. Overfragmentation is only one of several criteria which the Board must consider in determining the appropriateness of a bargaining unit. 3 V.S.A. § 941(f). That the Board considered this criterion is clear from its conclusion that overfragmentation would not result. The State Employees Labor Relations Act (3 V.S.A. § 901 et seq.) does not provide for

the relative weight to be accorded the various criteria relevant to a unit determination. We think such a judgment falls within the particular field of expertise of the Board. See *International Ass'n of Firefighters* v. *City of Montpelier,* 133 Vt. 175, 178, 332 A.2d 795, 797 (1975). In reviewing the Board's unit determination in this case, we should only ask whether the findings of fact taken as a whole justify the Board's ultimate conclusion. We find ample support for the determination that the requested bargaining unit is appropriate.

## II.

▇ The State also complains of the Board's statement in its order that it "specifically retains jurisdiction even after a vote to change or modify the bargaining unit." The State reads the word "vote" to refer to the election of the bargaining representative under 3 V.S.A. § 941(g). We agree that the Board would be overstepping its jurisdiction if it attempted to alter a bargaining unit after the election of a bargaining representative. As we recently said in *Gloss* v. *Delaware & Hudson R.R. Co.,* 135 Vt. 419, 422, 378 A.2d 507, 509 (1977):

> Public administrative bodies have only such adjudicatory jurisdiction as is conferred upon them by statute, with nothing presumed in favor of their jurisdiction.

The Board's duty to approve and certify a collective bargaining unit calls for two determinations: (1) that the unit is appropriate (3 V.S.A. §§ 927(a), 941(a)); and (2) that a majority of employees voting in a secret ballot election held pursuant to 3 V.S.A. § 941(e) vote for the organization of the proposed unit. Once these two determinations are made, the Board may certify the bargaining unit and conduct the election of a bargaining representative. 3 V.S.A. § 941(g). There is no indication in the State Employees Labor Relations Act (3 V.S.A. § 901 et seq.) that the Board may tinker with the constitution of a bargaining unit after a representative has been elected. Furthermore, such action by the Board would probably contravene the mandate of 3 V.S.A. § 941(h) that a newly elected bargaining representative shall be the exclusive representative of all employees in the bargaining unit for at least one year.

We do not find that the State's objection renders the Board's order infirm, however, because we read the Board's order to refer only to the "vote" pursuant to 3 V.S.A. § 941(e) by which the employees express their desire to be organized in the proposed unit. That the Board's jurisdiction extends beyond the holding of *this* election is clear from the language of 3 V.S.A. § 941(e) which prohibits the Board from recognizing and certifying a unit until the results of such election indicate that the voting employees approve the unit. A finding that a unit is appropriate is not a prerequisite to the holding of the § 941(e) election. The Board would have been within its jurisdiction in reopening the question of the appropriateness of the unit following the § 941(e) election.[1]

Since we do not interpret the Board's order as purporting to extend its jurisdiction beyond that provided by statute, it is not necessary to consider the State's contention that the Board's finding of appropriateness was conditioned on its ability to extend its jurisdiction unlawfully.

*The Findings of Fact, Opinion and Order of the Vermont Labor Relations Board are affirmed.*

---

[1]In fact, in this case the Board held the election to show interest in being organized as a bargaining unit (3 V.S.A. § 941(e)) and the election to choose a bargaining representative (3 V.S.A. § 941(g)) simultaneously. We make no judgment as to the advisability of this procedure, but note that its practical effect can be to prevent the Board from continuing its review of the questions of determination and certification of the unit. This is because conduct of the election of the bargaining representative signifies approval of the bargaining unit for which a representative is being chosen.