**NATIONAL LABOR RELATIONS BOARD,**
Petitioner-Cross-Respondent,

v.

**DICK SEIDLER ENTERPRISES, dba Joe & Dodie's Tavern,**
Respondent-Cross-Petitioner.

**Nos. 81–7265, 81–7475.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 1981.

Decided Jan. 22, 1982.

Paul Ehrich Bateman, N. L. R. B., Washington, D. C., for petitioner-cross-respondent; Kenneth B. Hipp, N. L. R. B., Washington, D. C., on brief.

E. A. Hubbert, Jr., Jacinto, Menebroker & Hubbert, Sacramento, Cal., for respondent-cross-petitioner.

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

Before KENNEDY and BOOCHEVER, Circuit Judges, and EAST,* Senior District Judge.

EAST, Senior District Judge:

The National Labor Relations Board (Board) found that Dick Seidler Enterprises (Company) violated the National Labor Relations Act of 1947 (Act), § 8(a)(1) and (3), 29 U.S.C. § 158(a)(1) and (3), by firing Donald Sproull for union activities. The main issue before the Board was whether Sproull, a head bartender, was a supervisor under § 2(11) of the Act. The Board found that Sproull was an employee of the Company, not a supervisor, and was, therefore, protected under the Act, and ordered the Company to make full restitution.

The Board petitions for an order enforcing its findings and order. The Company cross-petitions for a review of the findings and order of the Board. We grant the Board's petition for enforcement and deny the cross-petition for review.

FACTS

Sproull and Rosalee Sullivan were employed by the Company at Joe & Dodie's Tavern. Sullivan was a waitress and had contacted the Union. Sproull was Sullivan's fiancee and the head bartender at the tavern. Sproull and Sullivan were fired soon after the union election. The Union filed a complaint alleging that the Company committed an unfair labor practice when it fired Sproull and Sullivan. The Company argued that Sproull was a supervisor unprotected by the Act and challenged Sproull's ballot on the ground that he was a supervisor. The Board consolidated the complaint and challenge.

The Administrative Law Judge (ALJ) found that Sproull was not a supervisor and that Sproull and Sullivan were discharged because of union activities. He,

therefore, concluded that the Company had violated § 8(a)(1) and (3) of the Act when it fired Sproull and Sullivan, and recommended that they each be fully reinstated in their respective positions. He also recommended that the challenge to Sproull's ballot in the representation election be overruled.[1]

The Board affirmed the ALJ's findings and conclusions, and adopted the ALJ's order with minor modifications. 254 NLRB No. 45.

DISCUSSION

The Board's determination as to whether a person is a supervisor is a question of fact, and as such is conclusive if supported by substantial evidence in the record as a whole. *Walla Walla Union-Bulletin, Inc. v. NLRB*, 631 F.2d 609 (9th Cir. 1980). Judicial deference to the Board's expertise in distinguishing between employees and supervisors is particularly strong because "distinctions must be drawn between gradations of authority 'so infinite and subtle that of necessity a large measure of informed discretion is involved....'" *Id.* at 613.

Under § 2(11) of the Act, 29 U.S.C. § 152(11), a supervisor is

any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

The existence of any one of these powers, regardless of the frequency of its exercise, is sufficient to confer supervisory status, *NLRB v. St. Francis Hospital of Lynwood*, 601 F.2d 404, 420 (9th Cir. 1979), if the person uses independent judgment in conjunction with the power, *Walla Walla Un-*

*ion-Bulletin*, 631 F.2d at 613. Occasional and limited acts of supervision do not necessarily establish the existence of a supervisory power. *In re Bel Air Chateau Hospital, Inc.*, 611 F.2d 1248, 1252 (9th Cir. 1979). *Accord, NLRB v. Security Guard Service, Inc.*, 384 F.2d 143 (5th Cir. 1967). It is important for the Board not to construe supervisory status too broadly, for a worker who is deemed to be a supervisor loses his organizational rights. *McDonnell Douglas Corp. v. NLRB*, 655 F.2d 932 (9th Cir. 1981).

The areas in which the Company contends that Sproull acted as a supervisor are: (1) hiring; (2) firing; (3) training new employees; (4) evaluating and disciplining employees; (5) ordering glassware and inventorying liquor; (6) making the schedule; and (7) receiving a salary and bonus and possessing keys.

We conclude that the ALJ's finding that the extent of Sproull's authority in any of these areas was not supervisory is supported by substantial evidence of record.

In several aspects, the ALJ specifically discredited the testimony of witness LaFountain, the manager of the tavern, when his testimony conflicted with that of other witnesses. This credibility resolution is not contradicted by a clear preponderance of the evidence. *See NLRB v. Carilli*, 648 F.2d 1206, 1211 (9th Cir. 1981).

CONCLUSION

The Company's petition for review is denied. The Board's order, reported in 254 NLRB No. 45, is enforced. ENFORCED.

---

1. This court cannot directly review a Board decision with regard to a representation election. If the company refuses to bargain with the union, the union's status can be reviewed in the ensuing unfair labor practice proceedings.